# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | |
|---|---|
| AMERICAN FINANCE, L.L.C., a Delaware limited liability company; : | |
| Plaintiff, : | C.A. No. _____ |
| v. : | |
| UNITED STATES SMALL BUSINESS ADMINISTRATION; Isabella Casillas Guzman, in her official capacity as Administrator of the Small Business Administration; Shore United Bank, National Association; : | |
| Defendants. : | |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff American Finance L.L.C. ("Plaintiff"), for its Verified Complaint, hereby alleges, upon its own knowledge or upon information and belief, as follows:

## INTRODUCTION

1. This is an action seeking judicial review of the legally erroneous,

1

arbitrary and capricious decision by Defendant United States Small Business Administration ("SBA") and its Administrator to deny forgiveness to Plaintiff of a Paycheck Protection Program ("PPP") loan it obtained pursuant to the Coronavirus Aid, Relief and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). Plaintiff seeks judgment against the SBA reversing its decision and directing it to forgive Plaintiff's PPP loan, as well as judgment against Defendant Shore United Bank for damages caused by reliance on its erroneous advice to apply for a forgivable loan that the SBA refused to forgive.

## PARTIES

2. Plaintiff American Finance L.L.C. ("Plaintiff") is a limited liability company organized and existing under the laws of the state of Delaware.  Plaintiff is a financial business primarily engaged in loan servicing, specifically in the sub-prime auto market.

3. Defendant SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633 et seq. Under the CARES Act, the SBA administers the PPP.

4. Defendant Isabella Casillas Guzman (the "Administrator") is the Administrator of the SBA and is sued in her official capacity only, as the Administrator of the SBA. Authority to sue the Administrator is granted by 15 U.S.C. § 634(b).

Case 1:23-cv-00910-UNA   Document 1   Filed 08/18/23   Page 3 of 18 PageID #: 3

5. Defendant Shore United Bank National Association conducts business in the State of Delaware, maintains Delaware branches, and has and at all relevant times, including up to the date of this Complaint, had a continuous banking relationship with Plaintiff.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this dispute under 28 U.S.C. §§ 1331, 1346(a)(2), 1361 and/or 2201. Authority for judicial review of agency action is further provided by 5 U.S.C. § 702.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C § 703 because the Plaintiff resides in this judicial district.

8. Plaintiff has exhausted all administrative remedies by appealing the SBA's denial of its PPP loan forgiveness (resulting in issuance of the "Final Decision", a true copy of which is attached hereto as Exhibit A) and subsequently appealing the Final Decision to the SBA's Office of Hearings and Appeal (resulting in the issuance of the "OHA Decision", a true copy of which is attached hereto as Exhibit B).

9. Pursuant to 13 C.F.R. § 134.1211(g), the SBA's review and denial of the Plaintiff's appeal became final on July 21, 2023, thirty (30) days after service of the OHA Decision.

10. Plaintiff is entitled to judicial review of the SBA Final Decision and the

3

OHA Decision pursuant to 13 C.F.R. § 134.1211(g).

## BACKGROUND

11. Congress passed the CARES Act to corral the economic devastation caused by the COVID-19 pandemic. Congress enacted the CARES Act to protect the millions of Americans employed by small businesses. Part of the CARES Act included the PPP, which provided the SBA with the funding and authority to operate a loan program designed to financially assist small businesses with their cash-flow during the COVID-19 pandemic pursuant to § 1102; 15 U.S.C. § 636; The CARES Act amends section 7(a) of the Small Business Act, a preexisting statutory scheme that authorizes the SBA to issue loans, and guarantee loans made by private lenders, to qualifying businesses pursuant to 15 U.S.C. § 636(a); 13 C.F.R. § 120.2(a).). The loans are to be made by private lenders and may be forgiven if the businesses use the funds to continue to fund payroll and pay rent, mortgage interest and utilities, pursuant to 15 U.S.C. § 636(a)(36) and 15 U.S.C. §§ 9005, 9006.

12. Pursuant to its delegated authority, the SBA issued an interim final rule ("IFR") on 15 April 2020 to implement the PPP.  Section 1106 of the CARES Act provides that a borrower's indebtedness under a PPP loan will be forgiven to the extent that the borrower uses the funds to pay expenses relating to payroll,

mortgage interest, rent, and utilities during the eight-week period following the loan's origination under 15 U.S.C. §636m(b)(1)-(8).

13. Prior to the enactment of the CARES Act, the SBA limited the types and classifications of small businesses eligible to receive funds under other, narrowly tailored, loan programs, pursuant to 13 C.F.R. § 120.110. Aware of these limitations and seeking to create a loan program able to quickly provide emergency relief to workers and businesses, Congress intentionally increased eligibility for forgivable PPP loans, as expressed in 15 U.S.C. § 636(a)(36)(D). Congress made its intent clear by specifically providing that any business concern ... shall be eligible to receive a covered loan.

14. Prior to the enactment of the CARES Act, the SBA developed Standard Operating Procedures ("SOPs") to implement its regulations for each loan. The SBA utilizes SOP 50 10 5(K) to conform to recently revised regulations in 13 CFR Part 120, and to provide guidance that clarifies and streamlines policy and procedures affecting the 7(a) and 504 programs SBA SOP 50 10 5(K) at 1. SOP 50 10 5(K) incorporated recently published final rules, federal register notices, and SBA policy notices, effective 1 April 2019.

15. Business concerns such as Plaintiff's are so important to the United States economy that the Department of Homeland Security's Cybersecurity and Infrastructure Security Agency (CISA) deemed "financial services and lending

services" to be a vital component in the nation's critical infrastructure at the onset of the COVID-19 pandemic.[1]

16. At all pertinent times, Plaintiff was a business concern with less than 500 employees.

17. On 7 April 2020, in order to continue to provide vital services and support its ongoing business operations, and relying upon the clear language of the CARES Act (and Shore United Bank's (the "Lender") eligibility representation to Plaintiff), Plaintiff applied for a loan made available under the PPP in the amount of $634,300.00 (the "Loan") from Lender and certified its eligibility under the rules in effect at the time.

18. The SBA posted the IFR to the Federal Register on 15 April 2020 and bypassed the typical thirty (30) day notice period for implementation of a regulation or rule under the Administrative Procedure Act. IFR states "[t]he immediate effective date of this interim final rule will benefit small businesses so that they can immediately apply for the loan with a *full understanding of loan terms and conditions*.") (emphasis added).

---

[1] Krebs, Christopher C. (CISA Director), Advisory Memorandum on Identification of Essential Critical Infrastructure Workers During COVID-19 Response. U.S. Dept. of Homeland Security. May 19, 2020. Available at: https://www.cisa.gov/sites/default/files/publications/Version 3.1 CISA Guidance on Essential Critical Infrastructure Workers.pdf (last visited August 17, 2022).

19.  Plaintiff's PPP Loan application was among the group of first applications for PPP loans.[2]

20.  On 15 April 2020, Plaintiff's PPP Loan application was approved.

21. In order to evidence the indebtedness of the Loan, Plaintiff executed and delivered to Lender its promissory note dated 27 April 2020 funding SBA Loan Number 9698347102. Shore United Bank disbursed the proceeds of the Loan to Plaintiff of even date therewith.

22.  Eligible recipients are eligible for forgiveness to the extent loan proceeds are used to cover permitted costs, including but not limited to payroll costs under the CARES Act §§ 1106(b), (d).

23.  On 29 January 2021, Plaintiff, having used the Loan proceeds to fund payroll costs in accordance with the provisions of the PPP, applied for forgiveness of the Loan ("Forgiveness Application").

24.  The Lender recommended that the SBA forgive the Loan in its entirety.

25.  On 6 January 2022, the Plaintiff received the Final Decision, claiming Plaintiff was ineligible for the PPP loan at the time of the application because:

   a. "After review of the documentation provided, the SBA concludes that Borrower is a financial business primarily engaged in lending, investments or an ineligible business engaged in financing or factoring."

---

[2] Such a Loan is referred to herein as a "First-Draw Loan."

  b. "A breakdown of revenue for 2019 confirmed majority of the income is from lending and other lending related activities."[3]

26. The SBA did not rely on any criteria of the CARES Act to support its decision to deny forgiveness.

27. The SBA's sole and exclusive basis for the Final Decision was its determination that Plaintiff was a "financial business primarily engaged in lending, investments or an ineligible business engaged in financing or factoring" under 13 C.F.R. § 120.110(b) and thus was ineligible for the PPP loan.

28. On 4 February 2022, the Plaintiff appealed the Final Decision to SBA's Office of Hearings and Appeal ("OHA").

29. On 21 June 2023, the OHA issued the OHA Decision, stating that Plaintiff was an ineligible business under the SBA's pre-existing 7(a) loan program regulations, codified at 13 C.F.R. § 120.110; the SBA's failure to object to the Lender's approval of Plaintiff's Loan was not SBA approval; and the IFR was applicable prior to its effective date. See Exh. A.

30. According to the OHA, the SBA later took the unnecessary and redundant step to publish the IFR to specifically apply the same ineligibility criteria under § 120.110 and the SOPs to PPP loans already incorporated via the CARES Act. See Exh. B.

---

[3] See Exhibit A.

8

31. On 21 July 2023, thirty (30) days after service on Plaintiff, the OHA Decision became the final decision of the SBA, entitling Plaintiff to file this action pursuant to 13 C.F.R. § 134.1211(c) and (g).

32. Both the Final Decision and OHA Decision were arbitrary, capricious, contrary to applicable law and exceeded the SBA's statutory authority.

33. By this action, Plaintiff seeks to obtain a declaratory judgement that the SBA and the OHA acted illegally by denying the forgiveness of Plaintiff's PPP loan; and to enjoin the SBA from determining Plaintiff was ineligible for the Loan, and therefore ineligible for forgiveness of the Loan, based on an erroneous finding that Plaintiff is a finance company engaged in factoring or, in the alternative, an impermissible retroactive application of the IFR. Plaintiff also seeks a temporary restraining order to enjoin the SBA from attempting to collect any payment on the Loan so as to maintain the same deferred status afforded during the PPP loan forgiveness appeal proceedings.

34. The SBA's Final Decision and the OHA's Decision violated Plaintiff's rights pursuant to the CARES Act.

35. Congress directed and clearly intended for "all business concerns," as described in the CARES Act, to be eligible for PPP loans, but on 15 April 2020,

the SBA adopted an IFR that improperly imposed its agency-developed, pre-COVID-19, pre-CARES Act SBA loan eligibility exclusions onto PPP eligibility.

36. The pre-existing SBA exclusion for non-CARES Act 7(a) loans excluded a wide range of businesses including bank, real-estate developers, churches, finance, companies, gambling establishments, adult entertainment businesses, and life insurance companies (the "Exclusion Rule").

37. Application of the Exclusion Rule to the CARES Act is contrary to the plain text, purpose, and context of the CARES Act and contradicts 15 U.S.C. § 636(a)(35)(D)(i) which makes "all business concerns" as described in the CARES Act eligible for PPP loans. Congress' intent was further evidenced by its second PPP loan authorization where the eligibility requirements were statutorily restricted.[4]

38. Plaintiff did not apply for or receive a Second-Draw Loan.

39. While the First-Draw Loans were available to "any business concern" as defined in the CARES Act, 15 U.S.C. § 636(a)(35)(D)(i), Congress expressly excluded eligibility of the businesses which took Second-Draw loans described in

---

[4] PPP draws pursuant to the second PPP loan authorization are referenced herein as "Second-Draw Loans".

13 C.F.R. § 120.110, which includes financial businesses primarily engaged in the business of lending.

40. In effect, Congress statutorily adopted the policy from the Exclusion Rule exclusively for the Second-Draw Loans. Despite the ability to do so given the publication of the IFR, Congress made no attempt to retroactively apply the policy to the First-Draw Loans, indicating Congress' intent that those exclusions did not apply to First-Draw Loans.

41. The SBA's Final Decision and OHA Decision ignored the differing statutory language between First-Draw and Second-Draw loans despite the clear differences and Congressional intent.

42. The SBA's erroneous interpretation of the CARES Act as applied to First-Draw Loans in the IFR forms the basis of both the Final Decision and the OHA Decision, which taken together deny forgiveness for the PPP loan received by Plaintiff, to which Plaintiff is entitled.

43. Furthermore, because the SBA determined that the Exclusion Rule rendered Plaintiff Loan ineligible for forgiveness in violation of the CARES Act, the Court should declare that the SBA, in reaching its final agency decision acted in excess of statutory jurisdiction, authority or limitations and the decision was unlawful, and thus should be set aside, in accord with 5 U.S.C. § 706(2)(A) and (C).

44. The OHA Decision based its denial on a finding that Plaintiff is a "financial business primarily engages in lending, investments or an ineligible business engaged in financing or factoring" solely on the fact that Plaintiff's tax returns used North American Industry Classification System ("NAICS") code 522220.

45. NAICS code 522220 was self-selected by Plaintiff solely because there is no specific code applicable for loan servicing that could otherwise be utilized by Plaintiff.

46. The fact that multiple financial entities classified under the same NAICS code (522220) as Plaintiff applied for and received forgiveness from the SBA on their PPP Loans, however, shows the arbitrary and capricious nature of the Final Decision and OHA Decision. SBA PPP Loan Data reflecting Final Decisions is attached hereto as Exhibit C and is incorporated herein by reference.

47. According to the SBA's own PPP loan data, 163 entities classified under the same NAICS code (522220) as Plaintiff received PPP loan forgiveness. See Exh. C.  According to the data, 64 entities received loan approval after the effective date of the IFR, including one approval as late as 24 April 2021. *Id*.

48. The SBA discriminated against Plaintiff by arbitrarily eliminating (or

not enforcing) the exclusion for certain types of business concerns such as casinos and adult entertainment businesses, while maintaining the Exclusion Rule against other traditionally ineligible businesses.

49. The CARES Act does not authorize the SBA to haphazardly pick and choose which types of businesses are eligible for PPP loans. Therefore, SBA's decision to do so with respect to similarly situated borrowers was arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A).

50. Furthermore, the SBA has acted in an arbitrary and capricious manner by forgiving PPP loans made to some historically ineligible business while denying the same forgiveness to other historically ineligible businesses. The IFR dictates that non-profit businesses, businesses deriving more than one-third of gross annual revenue from legal gambling activities, and businesses which present live performances of a prurient sexual nature are excluded from eligibility for SBA loans. *See* 13 C.F.R. § 120.110(a), (g), and (p).

51. Although the SBA purports the supposed clarity of the Exclusion Rule, the SBA has arbitrarily and capriciously, without any meaningful explanation or rationale, made special exceptions to the Exclusion Rule for businesses presenting live performances of a prurient sexual nature, "without regard to their ineligibility under 13 C.F.R. § 120.110" and forgiven PPP loans to those types of business.

## COUNT I

## DECLARATORY JUDGMENT, AS TO DEFENDANT SBA

52. The allegations contained in the foregoing paragraphs are realleged and restated herein.

53. There is an actual and existing controversy between the parties as to the correctness and priority of the SBA's application of the IFR and the Exclusion Rule to First-Draw PPP loans. The controversy may be terminated by declarations o0f the Court.

54. Plaintiff is entitled to a judgment declaring that the SBA's application of the IFR and the Exclusion Rule to its First-Draw Loan was legal error, was arbitrary and capricious, and was made in excess of SBA's statutory authorization or, in the alternative, constituted an abuse of discretion (to the extent it had discretion) in direct violation of 5 U.S.C. § 706(2)(A), (C).

55. Plaintiff is entitled to a judgment declaring that the SBA must forgive Plaintiff's Loan.

## COUNT II

## FRAUD IN THE INDUCEMENT, AS TO DEFENDANT SHORE UNITED BANK

56. The allegations contained in the foregoing paragraphs are realleged and

14

restated herein.

57. The Lender profited by processing the Loan and was thereby motivated to obtain the Loan for Plaintiff.

58. Plaintiff's executives specifically asked Lender's representative whether Plaintiff would be entitled to PPP loan forgiveness. The Lender represented itself as qualified to advise its customers regarding PPP loan forgiveness.

59. The Lender represented to Plaintiff that it qualified for a PPP Loan if its financing income represented less than fifty percent (50%) of its 2019 revenue, and that such a loan would be forgiven by the SBA if used for proper purposes. The Lender intentionally encouraged Plaintiff to apply for the Loan.

60. Plaintiff's financing income was less than fifty percent (50%) of its 2019 revenue.

61. On 15 April 2020, Lender approved the Loan application and on 27 April 2020, Plaintiff and Lender entered into a promissory note funding SBA Loan Number 9698347102.

62. Plaintiff's management reasonably relied upon the Lender's representation of forgiveness eligibility when Plaintiff applied for the Loan.

63. Plaintiff used the Loan proceeds for the purposes approved by the PPP.

64. Plaintiff relied upon these assurances to its detriment because it acquired a $634,300.00 loan which was never forgiven by the SBA and incurs interest.

## COUNT III

## PROMISSORY ESTOPPEL, AS TO DEFENDANT SHORE UNITED BANK

65. The allegations contained in the foregoing paragraphs are realleged and restated herein.

66. The Lender's promises regarding forgiveness of the Loan induced Plaintiff to reasonably rely on them to its detriment as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, American Finance L.L.C. respectfully prays that the Court grant it the following relief:

i. Reverse and set aside the Final Decision and OHA Decision, and direct the SBA to issue a new decision on Plaintiff's forgiveness application forgiving its PPP Loan;

ii. Declare that the application of the Exclusion Rule to the Plaintiff's PPP Loan is not authorized by, and is contrary to, law;

iii. Declare that the application of the IFR to the Plaintiff's PPP Loan prior to the effective date is not authorized by, and is contrary to, law;

iv. Declare that the application of the IFR and the Exclusion Rule to Plaintiff's PPP Loan was arbitrary and capricious;

v. Declare that the application of the IFR and the Exclusion Rule to Plaintiff's PPP Loan was in excess of statutory authorization;

vi. Declare that the application of the IFR and the Exclusion Rule to Plaintiff's PPP Loan was an abuse of discretion;

vii. Declare that the SBA is estopped from denying forgiveness;

viii. Declare that the SBA has waived its right to claim denial of forgiveness;

ix. Declare that laches precludes SBA from denying forgiveness;

x. Award damages to Plaintiff against Defendant Shore United Bank in an amount to be determined;

xi. Award costs and reasonable attorneys' fees to the extent permitted by law; and

xii. Grant such other relief as this Court may deem just and proper.

Dated: August 18, 2023

Respectfully submitted,

OFFIT KURMAN, P.A.

*/s/ Charles A. McCauley, III*
Charles A. McCauley III, Esq. (DE Bar number 4738)
Brian J. McLaughlin, Esq. (DE Bar number 2462)
Katherine Randolph Fry (DE Bar number 3348)
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801
cmccauley@offitkurman.com
brian.mclaughlin@offitkurman.com
kwitherspoonfry@offitkurman.com
(484) 531-1712

*Attorneys for Plaintiff*

4872-4987-8137, v. 1